UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LUIS DE AZA ROSARIO, ) | CASE NO. 1:08 CV 1569 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DRUG ENFORCEMENT ) | AND ORDER |
| ADMINISTRATION OFFICE OF ) | |
| DIVERSION CONTROL, et al., ) | |
| ) | |
| Defendants. ) | |

Pro se plaintiff Luis De Aza Rosario filed the above captioned civil rights action against the United States Drug Enforcement Administration Office of Diversion Control, United States Marshal for the Northern District of Ohio Peter J. Elliott, Cuyahoga County Sheriff Gerald McFaul, the "Cuyahoga County Police Department," and the "Cuyahoga City Police Department." In the complaint, plaintiff alleges that personal property taken in the course of a criminal investigation has not been returned to him. He seeks $ 500,000.00 in damages. Mr. Rosario also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Rosario was indicted in the United States District Court for the Northern District of Ohio in July 2004 on charges of conspiracy to distribute and possession with intent to distribute

a controlled substance. He pled guilty on July 21, 2005 and was sentenced to a term of 33 months incarceration followed by 3 years supervised release with standard/special conditions and a $100.00 special assessment. Mr. Rosario claims that during the course of the investigation, a gold six carat diamond ring valued at $9,000.00 and a gold link bracelet valued at $ 7,000.00 were confiscated. The items were not forfeited as part of the judgment. In fact, upon Mr. Rosario's Motion in the criminal action, United States District Judge Solomon Oliver, Jr. ordered them returned to Mr. Rosario. Mr. Rosario claims the defendants have not returned his property. He asserts that the defendants have violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights. He seeks damages in the amount of the value of his property, plus $ 150,000.00 for "wrongful detention" of his jewelry.[1]

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[1] The court notes that Mr. Rosario seeks $ 500,000.00 in damages. He claims the ring is valued at $ 9,000.00 and the bracelet is valued at $ 7,000.00. He requests punitive damages in the amount of $ 150,000.00. That brings his total damages to $ 166,000.00, not $ 500,000.00 as he is requesting.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Rosario provides no allegations supporting his Fourth and Eighth Amendment claims. He merely states the fact that his property has not been returned and concludes, without explanation, that his rights under the Fourth and Eighth Amendments have been violated. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

The Court construes his claims under the Fifth and Fourteenth Amendments as claims for denial of due process. Mr. Rosario brings claims against both federal and state government defendants. Each of these claims must be dismissed, but for different reasons.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. U.S., 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. U.S. v. King, 395 U.S. 1, 4 (1969); Soriano v. U.S., 352 U.S. 270, 276 (1957). A Bivens claim cannot be asserted against the United States government or its employees in their official capacities. Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991). The United States has not waived its sovereign immunity for these claims.

Mr. Rosario's claim against United States Marshal Peter Elliott, must also be dismissed. A plaintiff cannot establish the liability of any defendant absent a clear showing that the

3

defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably suggest that Peter Elliott personally confiscated the ring and the bracelet and refuses to return it. He cannot be held liable in his individual capacity.

Mr. Rosario includes claims against the "Cuyahoga County Police Department," and the "Cuyahoga City Police Department." The Court liberally construes these claims as asserted against the Cuyahoga County Sheriff's Department and the Cleveland City Police Department. Police Departments are not sui juris and therefore cannot sue or be sued. See Nieves v. City of Cleveland, 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987). See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. Id. Similarly, a claim against Cuyahoga County Sheriff Gerald McFaul in his official capacity is a claim against the municipality he serves. Consequently, these claims are asserted against Cuyahoga County and the City of Cleveland.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it

4

unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Cleveland or Cuyahoga County which may have resulted in the deprivation of a federally protected right of the plaintiff.

The claim against Sheriff McFaul in his individual capacity must also fail. To set forth a due process claim, the plaintiff must plead and prove either that he was deprived of property as a result of an established state procedure that itself violates due process rights; or that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). There is nothing in the amended complaint which suggests Mr. Rosario is challenging an established state procedure. Instead, it appears he is asserting that his property was not returned due to unauthorized acts.

To prevail on a procedural due process claim for the taking of property through random unauthorized acts of a state agent, however, Mr. Rosario must plead and prove that state remedies for redressing the wrong are inadequate. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). A remedy is available in the Ohio Court of Claims. See Haynes v. Marshall, 887 F.2d 700, 704 (6th Cir.1989). There are no facts in the pleading which reasonably suggest that the available state remedies were inadequate to redress the wrong.

5

## Conclusion

Accordingly, Plaintiff's Application to proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 20, 2008

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6